United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                Case No. 13-16396-ref
Steven J. Erbrick, Sr.                                                Chapter 13
Lynda C. Erbrick
        Debtors

# CERTIFICATE OF NOTICE

District/off: 0313-4          User: admin              Page 1 of 2              Date Rcvd: Nov 23, 2018
                              Form ID: 3180W           Total Noticed: 18

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Nov 25, 2018.
db           +Steven J. Erbrick, Sr.,    8876 Longswamp Rd.,    Alburtis, PA 18011-9338
jdb         #+Lynda C. Erbrick,    8876 Longswamp Rd.,    Alburtis, PA 18011-9338
smg          +Bureau of Audit and Enforcement,    City of Allentown,    435 Hamilton Street,
               Allentown, PA 18101-1603
smg           City Treasurer,    Eighth and Washington Streets,    Reading, PA  19601
smg          +Dun & Bradstreet, INC,    3501 Corporate Pkwy,    P.O. Box 520,    Centre Valley, PA 18034-0520
smg          +Lehigh County Tax Claim Bureau,    17 South Seventh Street,    Allentown, PA 18101-2401
smg          +Tax Claim Bureau,    633 Court Street,    Second Floor,    Reading, PA 19601-4300
13137029     +Bank of America, N.A.,    c/o KML Law Group, P.C.,    701 Market Street, Suite 5000,
               Philadelphia, PA 19106-1541
13370143     +Kevin K. Kercher, Esquire,    881 Third Street, Suite #C-2,    Whitehall, PA 18052-5930
13210212      Santander Bank, N.A., f/k/a Sovereign Bank,    c/o Thomas A. Capehart, Esq.,
               33 S. 7th Street, PO Box 4060,    Allentown, PA  18105-4060

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg           E-mail/Text: RVSVCBICNOTICE1@state.pa.us Nov 23 2018 22:52:46
               Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
               Harrisburg, PA  17128-0946
smg          +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Nov 23 2018 22:52:56    U.S. Attorney Office,
               c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
13140172      EDI: GMACFS.COM Nov 24 2018 03:53:00    Ally Financial,    P. O. Box 130424,
               Roseville, MN 55113-0004
13185390      EDI: BECKLEE.COM Nov 24 2018 03:53:00    American Express Bank, FSB,    c o Becket and Lee LLP,
               POB 3001,    Malvern, PA 19355-0701
13105525     +EDI: IRS.COM Nov 24 2018 03:54:00    Department of the Treasury,    Internal Revenue Service,
               P.O. Box 7346,    Philadelphia, PA 19101-7346
13193017      EDI: PRA.COM Nov 24 2018 03:53:00    Portfolio Recovery Associates, LLC,    POB 41067,
               Norfolk VA 23541
13153305      E-mail/Text: RVSVCBICNOTICE1@state.pa.us Nov 23 2018 22:52:46
               Pennsylvania Department of Revenue,    Bankruptcy division,    P O Box 280946,
               Harrisburg P A 17128-0946
13144976      EDI: Q3G.COM Nov 24 2018 03:53:00    Quantum3 Group LLC as agent for,    MOMA Funding LLC,
               PO Box 788,    Kirkland, WA  98083-0788
                                                                                              TOTAL: 8

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 25, 2018                                   Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on November 22, 2018 at the address(es) listed below:
              JOSHUA ISAAC GOLDMAN    on behalf of Creditor    Bank Of America, N.A. bkgroup@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              KEVIN K. KERCHER    on behalf of Joint Debtor Lynda C. Erbrick kevinkk@kercherlaw.com,
               kevin@kercherlaw.com
              KEVIN K. KERCHER    on behalf of Debtor Steven J. Erbrick, Sr. kevinkk@kercherlaw.com,
               kevin@kercherlaw.com

```
District/off: 0313-4          User: admin              Page 2 of 2              Date Rcvd: Nov 23, 2018
                              Form ID: 3180W           Total Noticed: 18
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)

```
          LISA MARIE CIOTTI    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com,
           ecf_frpa@trustee13.com
          REBECCA ANN SOLARZ    on behalf of Creditor    BANK OF AMERICA, N.A. bkgroup@kmllawgroup.com
          THOMAS A. CAPEHART    on behalf of Creditor    Santander Bank, N.A. F/K/A Sovereign Bank
           JKacsur@grossmcginley.com, ehutchinson@grossmcginley.com
          THOMAS I. PULEO    on behalf of Creditor    Bank Of America, N.A. tpuleo@kmllawgroup.com,
           bkgroup@kmllawgroup.com
          United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
          WILLIAM  MILLER*R    ecfemail@FredReigleCh13.com,  ECF_FRPA@Trustee13.com
                                                                                             TOTAL: 9
```

**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | **Steven J. Erbrick Sr.** | Social Security number or ITIN  **xxx–xx–9644** |
| | First Name   Middle Name   Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | **Lynda C. Erbrick** | Social Security number or ITIN  **xxx–xx–4180** |
| | First Name   Middle Name   Last Name | EIN  _ _–_ _ _ _ _ _ _ |

United States Bankruptcy Court  **Eastern District of Pennsylvania**

Case number:  **13–16396–ref**

## Order of Discharge                                                                                                               12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Steven J. Erbrick Sr.                                               Lynda C. Erbrick
                                                                                  fka Lynda C. Kunsman

11/22/18                                               **By the court:**     Richard E. Fehling
                                                                                           United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**